472 P.2d 684 (1970)
WELBOURNE DEVELOPMENT CO., a Colorado corporation, Plaintiff in Error,
v.
AFFILIATED CLEARANCE CORP., a corporation, Defendant in Error.
No. 70-081. (Supreme Court No. 23211.)
Colorado Court of Appeals, Div. I.
June 23, 1970.
Burnett, Watson & Horan, Edward R. Gleason, Wm. Horan, Denver, for plaintiff in error.
Hyman D. Landy, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and *685 subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Affiliated Clearance Corp. (ACC) obtained a judgment against Van Blair, dba Blair Remodeling Co., for $1,349. On April 13, 1967, ACC caused a writ of garnishment to be served on Welbourne Development Co. (Welbourne), to which Welbourne answered that it owed Blair $1,038.80 "for painting" and on open account. On April 19, Welbourne prepared amended answers to the interrogatories in which it stated that its indebtedness to Blair was only $168.10. In its motion to file amended answers, granted on June 23, Welbourne asserted that its original answers had been made in "error and inadvertence". ACC then filed a traverse of the amended answers, asserting that the original figure of $1,038.80 was the correct amount owed to Blair.
At the hearing on the traverse, Welbourne presented a "Joint Payment Agreement" between itself and Blair to justify the amended answers. This document, dated January 17, 1967, provided, in pertinent part:
"In consideration of the advance of materials and/or money necessary for the completion of the job known as Welbourne Warehouse * * * which the undersigned Contractor has contracted to do for me, I hereby agree that all payments for said job will be remitted jointly to The Glidden Company * * * and the undersigned Contractor until total indebtedness due said The Glidden Company from the undersigned Contractor relating to said job or contract is paid in full. * * *
 s/ Welbourne Devel. Co.
 Owner or General Contractor
 By John Wood
 Accepted and agreed to
this 23 day of Jan., 1967.
s/ Blair Decor.
 Contractor
 By Van Blair"
Welbourne testified that it had discovered this agreement after filing the original answers and thereafter, on April 28, had paid directly to Glidden $870.70, leaving the sum of $168.10 owing solely to Blair which was the figure given in its amended answers.
At the conclusion of the hearing the court entered the following order: "[T]he Court * * * doth order that judgment enter in favor of the Defendant and against the Garnishee Defendant * * * in the sum of $1,038.80. Further order that said sum be paid into the Registry of the Court for distribution per Court Order." Welbourne appeals from the judgment entered pursuant to this order.
Welbourne asserts to us that the joint payment agreement required it to pay jointly to Blair and Glidden the amount due Glidden from Blair. Blair was entitled, therefore, only to $168.10 from Welbourne after his indebtedness to Glidden was satisfied. ACC was entitled to no more than was Blair under general principles of garnishment and could garnish no more than $168.10 from Welbourne.
ACC replies that Welbourne, after service of the writ of garnishment, was limited to the remedy in R.C.P.Colo. 103(h), entitled "Garnishee Not Required to Defend Claims of Third Persons":
"A garnishee who has notice of the claim of a third person to any * * * credits * * * of the defendant in his possession or control * * * shall state in his answer that he is informed that such * * * credits * * * are claimed by such person. When such an answer has been filed the court shall issue a summons to the alleged claimant * * *, requiring him to appear * * * for answer and set up and defend his claim or be thereafter barred. * * *"
By not stating in its answer that Glidden claimed part of the sum owing to Blair, Welbourne usurped the court's responsibilities at its peril and should deposit the entire *686 $1,038.80 for a proper distribution to Blair's creditors.
The issue before us, therefore, is whether Welbourne improperly paid Glidden $870.70 without a release of garnishment or an order of the court. The payment was improper.
The rights of the parties are governed by the Uniform Commercial Code, C.R.S. 1963, Ch. 155. The following section numbers refer to sections of that chapter. Article 9 of the Code applies, inter alia, "To any transaction (regardless of its form) which is intended to create a security interest in * * * contract rights." § 9-102(1)(a). "`Security interest' means an interest in personal property or fixtures which secures payment or performance of an obligation." § 1-201(37). "`Contract right' means any right to payment under a contract not yet earned by performance and not evidenced by an instrument or chattel paper." § 9-106. As pertinent here a security interest is not enforceable against third parties unless the debtor has signed a security agreement, § 9-203(1)(b), and, unless perfected as required by sections 9-302(1) and 9-401 of the Code, is subordinate to the rights of "a person who becomes a lien creditor without knowledge of the security interest and before it is perfected." § 9-301(1)(b). A security agreement is an agreement which creates or provides for a security interest. § 9-105(1)(h).
Applying the foregoing sections of the Code to the facts of this case, the "Joint Payment Agreement" is a security agreement which creates a security interest in a contract right. The evidence further discloses that the security interest was not perfected as required by the Code. The Code provides that, except for certain security interests not involved here, "a financing statement must be filed to perfect all security interests * * *." § 9-302(1). Section 155-9-401 states that, as to the type of security interest with which we are concerned here, "The proper place to file in order to perfect a security interest is * * * in the office of the secretary of state." There is nothing in the evidence to indicate that a financing statement was ever executed and Welbourne's witness stated that nothing was filed with the secretary of state.
Therefore the security interest became subordinate to the rights of ACC, which became a lien creditor when the Writ of Garnishment was served on Welbourne at a time when ACC had no notice of the security interest. § 9-301(3). The judgment of the trial court against the garnishee was correct.
The order sustaining the garnishment is a final judgment. R.C.P.Colo. 102(aa). The order relative to disposition of the funds concerns only ACC and Blair and does not affect the judgment against the garnishee.
The judgment is affirmed.
ENOCH and PIERCE, JJ., concur.