[No. 1605-1. Division One. July 16, 1973.]

FRIEDMAN, LOBE & BLOCK, *Appellant,* v. C. L. W. CORPORATION, *Defendant,* JOHN L. STIEBER, *Respondent.*

*Breskin, Rosenblume & Robbins, Arnold B. Robbins,* and *Jon A. Iverson,* for appellant.

*Walsh & Brown* and *Kenneth M. Brown, Jr.,* for respondent.

FARRIS, J.—We are here involved with the rules governing priority among security interest holders under RCW 62A.9 of the Uniform Commercial Code.

On September 17, 1969, John L. Stieber loaned C. L. W. Corporation $5,689. At that time C. L. W. already owed Stieber $3,900 for accounting services. As security for the loan and to secure payment for the services that Stieber had rendered, C. L. W. assigned to Stieber a portion of the expected recovery of its then pending lawsuit against Bank of the West.

On September 9, 1970, Friedman, Lobe & Block was

awarded a judgment against C. L. W. for $1,844.50, and, having no knowledge of the assignment to Stieber, F. L. & B. immediately placed a writ of execution in the hands of the King County Sheriff. A sheriff's levy was filed with the King County Clerk on September 25, 1970.

On December 1, 1970, pursuant to execution sale, all of C. L. W.'s rights in the matter of C. L. W. Corporation v. Bank of the West were sold to F. L. & B.

The claim of C. L. W. Corporation v. Bank of the West was later settled for $2,146.36. Both F. L. & B. and Stieber claimed right to the settlement proceeds. F. L. & B. obtained a show cause order requiring Stieber to appear to show why an order should not be entered declaring him to have no right, title or interest in the proceeds from the Bank of the West settlement since Stieber made no Uniform Commercial Code filing with regard to the assignment made to him. On March 1, 1972, the request of F. L. & B. was denied and the settlement proceeds were awarded to Stieber. F. L. & B. appeals.

The central question on appeal is whether Stieber was required to file a financing statement to perfect his security interest. If the filing of a financing statement was required for perfection, Stieber's security interest was unperfected at the time F. L. & B. became a "lien creditor."

RCW 62A.9-301 (1) (b) and (3) provide:

(1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of

. . .

(b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected;

. . .

(3) A "lien creditor" means a creditor who has acquired a lien on the property involved by attachment, levy or the like . . .

F. L. & B.'s claim to the proceeds is therefore prior to

that of Stieber's unless Stieber was not required to file a financing statement to perfect his security interest.

RCW 62A.9-302(1)(e) provides:

(1) A financing statement must be filed to perfect all security interests except the following:

. . .

(e) an assignment of accounts or contract rights which does not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts or contract rights of the assignor;

It is urged by Stieber that the assignment given to him as security for his loan and accounting services was of an account or contract right and therefore the filing of a financing statement was not a prerequisite to perfection.

The terms "account" and "contract right" are defined in RCW 62A.9-106:

"Account" means any right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper. "Contract right" means any right to payment under a contract not yet earned by performance and not evidenced by an instrument or chattel paper.

Based on these definitions and the wording of RCW 62A.9-302(1)(e), Stieber argues:

It [the assignment] is an "account" because it is a "right to payment for . . . services rendered", i.e. accounting services previously rendered plus a loan of money. RCW 62A.9-106. It is also a "contract right" because it is a "right to payment under a contract not yet earned by performance", i.e. Stieber had a right to be paid under the assignment contract between him and C. L. W.

We disagree. The accounting services performed by Stieber constitute an account and the loan agreement between Stieber and C. L. W. meets the definition of a contract, but we are not here involved with either. Our concern is with the assignment of a portion of the expected recovery of C. L. W.'s pending lawsuit against the Bank of the West which was given as security for the loan and accounting services. That assignment is not an assignment of an "account;" it is

not an assignment of "any right to payment for goods sold or leased or for services rendered." Nor is it an assignment of a "contract right" for it is not an assignment of "any right to payment under a contract not yet earned by performance."

The assignment of a portion of an expected recovery from a cause of action is more aptly categorized under the Uniform Commercial Code as an assignment of a "general intangible," a catchall category covering

> any personal property (including things in action) other than goods, accounts, contract rights, chattel paper, documents and instruments.

RCW 62A.9-106. The assignment of a "general intangible" is not perfected until a financing statement has been filed. RCW 62A.9-302. No filing was made prior to F. L. & B.'s becoming a "lien creditor." The settlement proceeds should have been awarded to F. L. & B.

Reversed.

JAMES and CALLOW, JJ., concur.