**EL PASO COUNTY BANK, a Colorado State Banking Association, Plaintiff-Appellant,**

v.

**CHARLES R. MILISEN & COMPANY, INC., and Monument Concrete Company, Inc., a Colorado Corporation, Defendants-Appellees.**

No. 80CA0068.

Colorado Court of Appeals, Div. I.

Sept. 4, 1980.

Rehearing Denied Oct. 2, 1980.

Certiorari Denied Jan. 26, 1981.

Cross, Gaddis, Kin & Quicksall, James W. Kin, Colorado Springs, for plaintiff-appellant.

Nuss & Braden, Ralph A. Braden, Jr., Colorado Springs, for defendant-appellee Charles R. Milisen & Co.

Berniger, Berg & Sterling, Michael Berniger, Colorado Springs, for defendant-appellee Monument Concrete Co., Inc.

KIRSHBAUM, Judge.

Plaintiff, El Paso County Bank, appeals from the judgment of the trial court granting a motion for summary judgment filed by defendant Charles R. Milisen & Company, Inc., and denying plaintiff's motion for summary judgment. We reverse.

The material facts are undisputed. On April 12, 1978, Monument Concrete Company, Inc., executed a promissory note in favor of the bank for a sum which at all times pertinent hereto was in excess of $45,000. The debt was secured by a security agreement and financing statement covering all accounts receivable of Monument. The bank's security interest was perfected on April 27, 1978.

Subsequent to April 27, 1978, Milisen obtained a judgment against Monument in the El Paso County District Court. On June 26, 1979, Milisen served a writ of garnishment in that action upon Country Custom Homes, Inc., an account debtor of Monument. On June 10, 1979, Country Custom Homes answered the writ of garnishment and admitted it held a sum of $4,247.72 as a debt owed to Monument.

On July 10, 1979, the bank wrote a letter to the trial court presiding over the garnishment proceedings advising the court of its perfected security interest in all of Monument's accounts receivable. On September 24, 1979, the trial court ordered Country Custom Homes to pay $4,247.72 into the court's registry, and on October 2, 1979, the court directed that such proceeds be paid directly to Milisen; however, pursuant to stipulation of counsel, this sum was not removed from the registry fund at that time.

On October 17, 1979, the bank sought to intervene in the garnishment action. The trial court refused to allow intervention on the ground that the bank's request was not timely. That order was not appealed.

On November 6, 1979, the bank filed this C.R.C.P. 57 action seeking a declaration

that it was entitled to the $4,247.72. The bank also filed a motion for summary judgment, as did Milisen. On December 10, 1979, the court denied the bank's motion and granted Milisen's motion. Thereafter, the sum was distributed to Milisen.

The bank contends that its interest in the collateral was not terminated by its failure to participate in the garnishment action and that its security interest followed the collateral. We agree.

C.R.C.P. 103(*o*) permits a person claiming an interest in any debt with which a garnishee is charged to intervene in the garnishment action prior to the time the garnishment proceedings are terminated. The rule is not mandatory, and thus, one asserting rights to property which is the subject of garnishment proceedings is free to ignore those garnishment proceedings and file an independent action to enforce those rights. *See Hannan v. Connett*, 10 Colo.App. 171, 50 P. 214 (1897).

Section 4–9–306(2), C.R.S.1973 (1979 Cum.Supp.) states as follows:

"Except where this article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor."

Section 4–9–311, C.R.S.1973, states as follows:

"The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment, or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default . . . ."

In *American Heritage Bank & Trust Co. v. O. & E., Inc.*, 40 Colo.App. 306, 576 P.2d 566 (1978), a junior creditor sought to defeat the rights of a preferred creditor by assuming control of the debtor's assets without notifying the senior creditor, and then sought to foreclose on those assets.

The preferred creditor filed a separate replevin action and took possession of the assets pursuant to writ of replevin prior to a consolidated trial of both actions. This court concluded that § 4–9–311 did not invalidate the interests protected by the provisions of § 4–9–306(2) then in effect which controlled that case.

Moreover, in 1977, § 4–9–306(2) was amended to delete the phrase "by the debtor" from the statute. Colo.Sess.Laws 1977, Ch. 62, at 324. This amendment broadened the rights of secured parties to preserve their interest under a disposition of assets effected by persons other than the debtor. Here, the account receivable was disposed of by Milisen, who had full knowledge of the bank's status as preferred creditor. We conclude that in these circumstances the bank's security interest was not extinguished by Milisen's obtaining the sum garnished from Country Custom Homes.

The judgment is reversed and the cause is remanded with directions to enter judgment for the bank and against Milisen on the bank's motion for summary judgment.

COYTE and VAN CISE, JJ., concur.