In re PHOENIX MARINE
CORPORATION, Debtor.

VIRGINIA NATIONAL BANK, and
Small Business Administration,
Plaintiffs,

v.

PHOENIX MARINE CORPORATION,
and Marc Jacobson, Defendants,

Boyd, Payne, Gates & Farthing, P.
C., Intervenors.

Bankruptcy No. 80–01174–N.
Adv. No. 82–0027–N.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

May 25, 1982.

Joseph R. Mayes, and Thomas E. Cabaniss, Kaufman & Canoles, Norfolk, Va., for Virginia National Bank and Small Business Administration.

Anthony F. Radd, Norfolk, Va., for Boyd, Payne, Gates & Farthing.

Lee Kelberg, Kelberg & Childress, Virginia Beach, Va., for debtor.

Marc Jacobson, Norfolk, Va., Trustee.

HAL J. BONNEY, Jr., Bankruptcy Judge.

Prior to the filing of its petition with this Court, the debtor was involved in a suit styled Phoenix Marine Corporation v. Bank of Virginia filed in the Circuit Court for the City of Portsmouth, Virginia [the Bank of Virginia suit]. After the debtor filed its bankruptcy petition, the trustee continued to pursue the claim in State court and eventually the Bank of Virginia suit was settled by the trustee and the defendant for $50,-000.00.

After receiving notice of the settlement, Virginia National Bank and the United States Small Business Administration [the plaintiffs] filed a complaint for recovery of property with this Court. The plaintiffs sought recovery of the proceeds of the Bank of Virginia suit from the trustee and the debtor pursuant to a security interest in what is referred to in the security agreement as "general intangibles" of the debtor.

After trial the Court took the case under advisement and allowed the parties time to brief the issue of whether the proceeds of the suit fell within the definition of general intangibles as defined in Virginia Code 8.9–106 [as amended]. On April 15, 1982, this Court issued an order finding that the proceeds did come within the definition of general intangibles and directing the trustee to turn over the proceeds to the plaintiffs.

In the interim, the firm of Boyd, Payne, Gates & Farthing [Boyd, Payne] filed a motion to intervene in the adversary proceeding. At a hearing, the Court allowed Boyd, Payne to intervene and gave the parties additional time to submit briefs. Boyd, Payne argues that (1) the disputed money is an excluded transaction under Virginia Code 8.9–104 [as amended] and, therefore, is not subject to the security interest of the plaintiffs and (2) the description of "general intangibles" in the plaintiffs' security instrument is not specific enough and should be overridden by the specific description of the suit given in the financing statement of Boyd, Payne.

The Court makes the following findings of fact relative to each claimant. The plaintiffs entered into a security agreement with the debtor on September 27, 1979. A financing statement relative to the security agreement was filed on September 28, 1979, in the Circuit Court for the City of Chesapeake, Virginia. The financing statement described the collateral as

All furniture, fixtures, machinery, equipment, leasehold improvements, accounts receivable, contract rights, chattel paper, instruments, licenses, general intangibles, inventories, raw materials, work in progress and supplies now owned or hereafter acquired or created.

Boyd, Payne, the intervenor in this action, entered into a security agreement with the debtor on May 5, 1980. The financing statement was filed on July 11, 1980, in the Circuit Court for the City of Chesapeake, Virginia. The security agreement described the collateral as

All rights, title and interest of the Debtor in and to: a) the proceeds of that certain pending lawsuit filed by Debtor in the

Circuit Court of the City of Portsmouth, Virginia, against Bank of Virginia, b) Debtor's loan or grant contract rights which come into existence at any time hereafter with the U. S. Small Business Administration, and/or the Economic Development Administration, and all proceeds of all such contract rights;

As between the two financing statements, the statement of the plaintiffs is prior in time and is entitled to priority under Virginia Code 8.9–312(5)(a).

The Court affirms its ruling in the order of April 5, 1982, that the term "general intangibles" encompasses the proceeds of the lawsuit in question. Virginia Code 8.9–106 [as amended]; *Friedman, Lobe & Block v. C. L. W. Corporation,* 9 Wash.App. 319, 512 P.2d 769, 13 U.C.C. 136 (1973).

Boyd, Payne makes a strong argument that the suit is a tort claim and therefore a type of collateral that is not subject to Article 9 of the Uniform Commercial Code. Virginia Code 8.9–104(h) and (k) [as amended] excludes from coverage under Article 9 "a right represented by a judgment" and transfers "in whole or part of any claim arising out of tort," respectively. If these sections were to apply in the instant case, not only would the claim of the plaintiffs not be secured, the claim of Boyd, Payne would be unsecured as well and the trustee would take all. These other fellows could then stand in line and file their claims.

While there is some doubt as to the characterization of the Bank of Virginia suit as a tort or contract claim, it is clear that the dispute is over the *proceeds of the settlement,* not with the claim itself. The plaintiffs have a properly perfected security interest in the proceeds pursuant to its security agreement of May, 1980, and its financing statement of July, 1980. As the plaintiffs' perfection is prior in time to that of Boyd, Payne, the plaintiff is entitled to the proceeds of the suit. Virginia Code 8.9–312(5)(a) [as amended].

It is hereby ORDERED that the trustee turn over the proceeds of the settlement of the lawsuit against Bank of Virginia, less costs of $972.16 and attorneys fees of $10,-000.00, to the plaintiffs, Virginia National Bank and the United States Small Business Administration.