**WELD COLORADO BANK, a State Banking corporation, Plaintiff-Appellant,**

v.

**E & E CONSTRUCTION, INC., a Colorado corporation, and Gary L. Etherton and Linda K. Etherton, Defendants-Appellees,**

**and Concerning**

**Burnett E. Etherton, a/k/a Bud Etherton, a/k/a B.E. Etherton, Claimant-Appellee.**

**No. 82CA0234.**

Colorado Court of Appeals, Div. I.

Oct. 14, 1982.

Charles A. Kuechenmeister, Greeley, for plaintiff-appellant.

William L. Crosier, Greeley, for claimant-appellee.

No appearance for defendants-appellees.

COYTE, Judge.

Plaintiff, Weld Colorado Bank, appeals from a judgment of the trial court dismissing its garnishment of escrow funds held by the United Bank of Greeley. We affirm.

On October 18, 1978, plaintiff obtained a security interest in the accounts receivable of defendant, E & E Construction, Inc., (E & E) and filed a financing statement in the office of the Secretary of State. The plaintiff then advanced funds to E & E which executed a promissory note. E & E defaulted on the payments, and a judgment was obtained against E & E and Gary L. and Linda K. Etherton.

In 1980, E & E performed work as a subcontractor for Cornerstone Builders, Inc., on a sewage treatment facility plant owned by the Town of Lochbuie, a Colorado municipal corporation. Upon completion of the sewage facility, the Town of Lochbuie published notice of final payment, and claimant, Burnett Etherton, filed an affidavit showing $52,750 due him from E & E for equipment rented to E & E in the performance of its work for the Town of Lochbuie, all as provided for by § 38–26–107, C.R.S. 1980.

In a written agreement for settlement of claims signed by the Town, E & E, Cornerstone Builders, claimant, plaintiff, and United Bank of Greeley, (1) the Town agreed to pay Cornerstone and E & E $30,-000 in compromise of their claim for extra work performed because of changed surface conditions, (2) Burnett Etherton, the claimant, agreed to withdraw its claim for $52,-750; and (3) Cornerstone agreed to deposit the $30,000 in escrow·which after deduction of its expenses left $26,362 which was designated to be the amount in controversy between the plaintiff and claimant. As soon as this money was placed in escrow, plain-

tiff garnisheed the United Bank of Greeley claiming that it had a prior claim to the funds by virtue of its financing statement.

Claimant contended that as a claimant against a subcontractor on the town project, he had a claim to the funds which was superior to any interest plaintiff may have had in the funds. The trial court found that there was $26,362 in escrow in the United Bank of Greeley; that the relationship between claimant and E & E was that of lessor-lessee; that there was no joint venture, partnership, or any other form of joint enterprise between E & E and claimant; and any profit made on the project would have belonged solely to E & E Construction. It then held that claimant's claim was superior to that of the plaintiff and ordered the garnishment of the escrow account to be dismissed and ordered the funds in escrow be paid forthwith to claimant.

The plaintiff contends that it had a perfected security interest in the funds held in escrow which was superior to claimant's interest. The plaintiff's contention is based upon its argument that E & E had a right to payment of the funds as soon as its contract with Cornerstone to perform the work became effective. We disagree.

A security interest may not attach to collateral until such time as the debtor has rights in the collateral. Section 4–9–204, C.R.S.1973, *Midland Bean Co. v. Farmers State Bank,* 37 Colo.App. 452, 552 P.2d 317 (1976). An "account" is defined as any "right to payment" for goods or services. Section 4–9–106, C.R.S.1973 (1981 Cum. Supp.). Thus, a security interest cannot attach to the accounts receivable of a debtor, if the debtor does not have a "right to payment".

E & E had no "right to payment" of the funds held in escrow until such time as all of the materialmen were paid in full pursuant to § 38–26–107, C.R.S.1973. Claimant was a materialman to a subcontractor who was entitled to the benefits of § 38–26–107, C.R.S.1973, upon his proper filing of his claim with the town showing E & E's indebtedness to him. "The statute [which is now § 38–26–107. C.R.S.1973] stands in lieu of the mechanic's lien statute, and is designed to protect those who supply labor and materials for public works." *South-Way Construction Co. v. Adams City Service,* 169 Colo. 513, 458 P.2d 250 (1969).

Hence, plaintiff does not have an enforceable security interest in the funds at issue because E & E never acquired a right to payment. Therefore, the trial court was correct in dismissing the plaintiff's garnishment of the escrow funds.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.