Patrick D. BOWLEN, Assignee,
Plaintiff–Appellant,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver for Chancery
National Bank, Defendant–Appellee.

No. 90CA0772.

Colorado Court of Appeals,
Div. I.

July 5, 1991.

Cohen, Brame & Smith, P.C., Jeffrey C. Pond, Michael E. Lindsey, Denver, for plaintiff-appellant.

DiManna & Jackson, Lucy Hojo Denson, Denver, for defendant-appellee.

Opinion by Judge DUBOFSKY.

In this action to recover settlement proceeds, plaintiff, Patrick D. Bowlen, appeals a summary judgment entered by the trial court in favor of defendant, Federal Deposit Insurance Company (FDIC), as receiver for Chancery National Bank (Chancery). We affirm.

Bowlen and Richard R. Landon were business associates who were named as defendants, among others, in a case decided against them jointly and severally for payment of $499,171.87 to Metro National Bank. Bowlen paid the full amount of that judgment, and the bank assigned its judgment against Landon to Bowlen.

In an unrelated lawsuit, on June 5, 1989, Bowlen and Landon secured a settlement of $300,000 in their favor. Landon's proportionate share of the settlement proceeds from that lawsuit after fees and costs was $116,695.80. On May 22, 1989, prior to the settlement, Landon signed a promissory note to Chancery for $100,000 and executed a security agreement granting Chancery a security interest in all proceeds of Landon's prospective settlement agreement. Chancery filed a financing statement covering these proceeds on May 30, 1989. In reliance on the assignment of Metro National Bank's judgment, on June 28, 1989, a writ of garnishment was issued in favor of Bowlen to garnish Landon's share of the settlement proceeds.

On July 10, 1989, Landon's share of the (settlement) proceeds was deposited in the trial court registry pending a determination in this action by Bowlen against FDIC as to which party was entitled to it. On January 18, 1990, Chancery's motion for summary judgment was granted in its favor. The trial court concluded that Chancery's financing statement perfected a security interest and took priority over Bowlen's later writ of garnishment. Bowlen's subsequent motion for reconsideration was denied and this appeal ensued.

I.

Bowlen first argues that, as a matter of law, Chancery and thus FDIC did not have a prior perfected security interest in the settlement proceeds. We disagree.

Bowlen contends that Chancery did not have priority because under Colorado law a security interest cannot attach until the debtor has "rights in the collateral." Relying on *Weld Colorado Bank v. E & E Construction, Inc.*, 653 P.2d 758 (Colo. App.1982), he maintains that Landon's rights in the collateral did not attach until the law firm which represented both Bowlen and Landon in the proceedings against the FDIC was paid its fees from the settlement proceeds.

■ A security interest must attach before it can be perfected. Section 4-9-303, C.R.S. Attachment occurs when: 1) there is an agreement that it attach; 2) value is given; and 3) the debtor has rights in the collateral. Section 4-9-203(1), C.R.S.; *Midland Bean Co. v. Farmers State Bank*, 37 Colo.App. 452, 552 P.2d 317 (1976).

In *Weld Colorado Bank*, this court determined that a security interest could not attach in accounts receivable of a debtor if the debtor did not have a "right to payment" in the accounts as defined under § 4-9-106, C.R.S. In *Weld Colorado Bank*, the subcontractor, in whose accounts receivable plaintiff obtained a security interest by filing a financing statement, had no right to payment of funds held in escrow until the material suppliers were paid pursuant to a mechanics' lien type of statute. Thus, plaintiff's security interest did not attach until the material suppliers were paid.

*Weld Colorado Bank*, is, however, distinguishable from this case. Here, there is not a similar statute which establishes a right to payment of Landon's proceeds to either party. Although the attorneys may have a claim and arguably a lien in part on the total proceeds for fees and costs, there was no claim by the attorneys, or anyone

else, to Landon's part of the settlement. Furthermore, this secured transaction involved a settlement, not accounts receivable. We, therefore, conclude that the status of Landon's part of the settlement is not comparable to the subcontractor's accounts receivable in *Weld Colorado Bank.*

■ The proceeds of a settlement agreement resulting from a claim against a third party are considered general intangibles under the Uniform Commercial Code. *See Board of County Commissioners v. Berkeley Village,* 40 Colo.App. 431, 580 P.2d 1251 (1978) (anticipated recovery from a cause of action is classified as general intangibles); *In re Phoenix Marine Corp.,* 20 B.R. 424 (E.D.Va.1982); *Friedman, Lobe & Block v. C.L.W. Corp.,* 9 Wash. App. 319, 512 P.2d 769 (1973).

■ To perfect a security interest in general intangibles, a financing statement must be filed with the secretary of state. Section 4–9–302, C.R.S. Here, Chancery filed a financing statement with the Secretary of State of Colorado on May 30, 1989, thereby perfecting its security interest as of that date. The settlement amount remitted to the garnishee was identifiable proceeds of collateral in which Chancery held a perfected security interest and the proceeds were covered by the financing statement. *See* § 4–9–306(1), C.R.S.

■ As a judgment creditor, however, Bowlen becomes a lien creditor only upon service of the writ of garnishment on the garnishee. *Welbourne Development Co. v. Affiliated Clearance Corp.,* 28 Colo. App. 313, 472 P.2d 684 (1970). As between a prior perfected security interest and a lien creditor, the prior perfected security interest is superior. *El Paso County Bank v. Charles R. Milisen & Co.,* 622 P.2d 594 (Colo.App.1980).

■ Here, Bowlen served the writ of garnishment on June 26, 1989, and therefore, his interest as a creditor is inferior to the prior perfected security interest of Chancery.

## II.

■ Bowlen also contends that the Landon–Chancery transaction is excluded from Article 9 of the Uniform Commercial Code, as a matter of law, because it is "a transfer by a governmental subdivision or agency" under § 4–9–104(e), C.R.S. (1990 Cum. Supp.). We disagree.

The governmental subdivision or agency exclusion of § 4–9–104(e) covers only transactions in which the government is a debtor/borrower. *See* Uniform Laws Annot., Uniform Commercial Code § 9–104 (Official Comment 5) (1972); *In re Brazier Forest Products Inc.,* 106 Wash.2d 588, 724 P.2d 970 (1986). Here, the FDIC did not act or function as the debtor, and therefore, the exclusion does not apply.

## III.

■ Bowlen finally argues that the trial court erred in granting summary judgment because there were genuine issues of material fact remaining for resolution, including whether Chancery's security interest had attached and whether the settlement proceeds were excluded from Article 9 because they resulted from a tort claim. We disagree. For the reasons previously stated, the evidence demonstrated that Chancery's security contract did attach.

Bowlen did not raise the tort exclusion issue in either his answer or in the motion in memorandum brief in response to the summary judgment motion. Neither did Bowlen move to amend his pleadings to introduce evidence in support of his request to consider. Rather, Bowlen made a passing reference to this possible tort exemption for the first time in his motion to the trial court to reconsider its entry of summary judgment. Bowlen provided no evidence that the settlement proceeds came from a tort case.

Bowlen's motion to reconsider the summary judgment determination must be characterized as a C.R.C.P. 59(d)(4) motion for new trial. We conclude that the trial court did not abuse its discretion by declining to consider new theories asserted for the first time in that motion. *See First*

*National Bank v. Campbell,* 198 Colo. 344, 599 P.2d 915 (1979); *South Conejos School District v. Martinez,* 709 P.2d 594 (Colo. App.1985).

Judgment affirmed.

PIERCE and RULAND, JJ., concur.