**In re Angelica LAMPIRIS, f/k/a Angelica Acello, Debtor.**

**Bankruptcy No. 93–12500–JEY.**

United States Bankruptcy Court,
D. New Hampshire.

March 27, 1996.

Arthur C. Randlett, Exeter, NH, for Debtor.

Robert Moses, Amherst, NH, for Trustee.

Keith Rothman, Islandia, NY, for Pachman & Oshrin, P.C.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH.

Victor Dahar, Trustee, Manchester, NH.

### MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the objections of the Chapter 7 Trustee and the United States Trustee to the proof of claim filed by Pachman & Oshrin, P.C., a law firm that repre-

sented the Debtor prepetition in a divorce action in New York and which asserts that it holds a secured claim for legal services in the amount of $5,000. (Proof of Claim No. 6.) A final meeting of creditors was held on March 22, 1996, at which time the Court heard the Chapter 7 Trustee's objection to claims, his request for compensation, and his final account. The Court approved the Chapter 7 Trustee's final account and allowed his application for compensation. After a hearing on the objection to Pachman & Oshrin's claim, at which the Chapter 7 Trustee, the Assistant United States Trustee, and counsel for Pachman & Oshrin appeared and argued their respective positions, the Court took the objections under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

For the reasons set out below, the Court sustains the objections of the Chapter 7 Trustee and the United States Trustee. Pachman & Oshrin shall be treated as an unsecured creditor under the Bankruptcy Code and shall receive a pro rata distribution from the funds of the Debtor's estate.

### FACTS

The Debtor filed a Chapter 7 bankruptcy petition on September 2, 1993. On February 14, 1994, Pachman & Oshrin filed its original proof of claim. On June 16, 1994, the Court approved a settlement of the Debtor's prepetition personal injury claim, and on August 2, 1994, the Chapter 7 Trustee recovered $13,500 from Peerless Insurance Company. Pursuant to the Court's September 26, 1994, order, the attorney representing the estate in the personal injury action received $4,529 for his legal fees and expenses. The balance of $8,971 is being held by the Chapter 7 Trustee. Pachman & Oshrin filed an amended proof of claim on April 24, 1995. As indicated above, Pachman & Oshrin claims a lien in the amount of $5,000 against the personal injury suit proceeds.

The basis for the firm's assertion that it holds a secured claim is an assignment dated October 27, 1992, in which the Debtor assigned to Howard E. Pachman, P.C. the amount of $5,000 "from any recovery resulting from any claim or lawsuit arising from the accident" in which the Debtor was injured. In the assignment document, the Debtor directed her attorney to honor the assignment as a lien against any proceeds of the personal injury lawsuit. Notice of this assignment was given to the Debtor's personal injury counsel who was later appointed special counsel to the Chapter 7 Trustee to pursue this claim in the bankruptcy case. No notice was given to the defendant in the personal injury lawsuit or to the defendant's insurance company, nor was a financing statement filed in accordance with Article 9 of the Uniform Commercial Code.

### DISCUSSION

Both the United States Trustee and the Chapter 7 Trustee filed objections to this claim arguing that Pachman & Oshrin does not have valid lien because the assignment was not properly perfected as no notice was given to the defendant or its insurance carrier during the pendency of the personal injury lawsuit. The issue before the Court then is whether the law firm's claim is a secured claim and thus superior in right to the claim of the Chapter 7 Trustee, a lien creditor from the date the Debtor's bankruptcy petition was filed. To resolve this question, the Court must determine the legal effect of the assignment by the Debtor to Pachman & Oshrin.

■ The first issue is whether Article 9 of the Uniform Commercial Code applies to the assignment. Courts have held that the assignment of a portion of an expected recovery from a cause of action should be treated as a "general intangible" under Article 9. *E.g.*, *In re Phoenix Marine Corp.*, 20 B.R. 424 (Bankr.E.D.Va.1982); *Board of County Comm'r of County of Adams v. Berkeley Village*, 40 Colo.App. 431, 580 P.2d 1251 (1978); *Great Western Nat'l Bank v. Hill (In the Matter of the Estate of Hill)*, 27 Or.App.

893, 557 P.2d 1367 (1976); *Friedman, Lobe & Block v. C.L.W. Corp.*, 9 Wash.App. 319, 512 P.2d 769 (1973). A general intangible is a catch-all category defined by Article 9 as "any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments, and money." N.H.R.S.A. § 382–A:9–106 (1994).[1] Because what was assigned to Pachman & Oshrin by the Debtor was a portion of an expected recovery from the Debtor's personal injury action, it should be treated as a general intangible.

New Hampshire R.S.A. § 382–A:9–102(a) provides that Article 9 applies "to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper or accounts." Having found that the assignment is a general intangible, the Court must next determine whether the assignment was given by the Debtor for the purpose of securing the payment of Pachman & Oshrin's legal fees incurred in the Debtor's divorce action. On this point, the language in the assignment is clear. The Debtor instructed her personal injury attorney to "honor this assignment *as a lien* against any funds that become due me as a result of such claim or lawsuit." (emphasis added.)

Because Article 9 applies to the parties' transaction, the second question the Court must address is whether Pachman & Oshrin was required to file a financing statement to perfect its security interest in the proceeds of the lawsuit. Article 9 provides that a financing statement must be filed to perfect a general intangible. N.H.R.S.A. § 382–A:9–302; *see Friedman, Lobe & Block*, 512 P.2d at 771. In this case, Pachman & Oshrin did not file a financing statement. At the hearing held on March 26, 1996, counsel for Pachman & Oshrin indicated that notice had been provided only to the Debtor's personal injury counsel. No Article 9 financing statements were filed with the

appropriate state and local offices. Accordingly, Pachman & Oshrin holds an unperfected security interest in the settlement proceeds.

The last issue to be decided by the Court is the priority of the law firm's claim. Article 9 provides that "an unperfected security interest is subordinate to the rights of ... a person who becomes a lien creditor before the security interest is perfected." N.H.R.S.A. § 382–A:9–301(1)(b). A lien creditor includes a "trustee in bankruptcy from the date of the filing of the petition." *Id.* § 382–A:9–301(3). It follows from these provisions that the unperfected security interest of Pachman & Oshrin is subordinate to the rights of the Chapter 7 Trustee, who obtained status as a lien creditor when the Debtor filed for bankruptcy on September 2, 1993. While the unperfected security interest of Pachman & Oshrin is not void or voidable, it has a lesser priority than the interest of the Chapter 7 Trustee as lien creditor. *See Hill*, 557 P.2d at 1374–75; *Friedman, Lobe & Block*, 512 P.2d at 771.

### CONCLUSION

Accordingly, the objections of the Chapter 7 Trustee and the United States Trustee are sustained. Pachman & Oshrin shall be treated as an unsecured creditor under the Bankruptcy Code and shall receive a pro rata distribution from the funds of the Debtor's estate. The Chapter 7 Trustee shall amend his final account consistent with this opinion.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

---

1. Note that the Court is applying New Hampshire law to the transaction in question because N.H.R.S.A. § 382–A:9–103(3)(b) indicates that "the law ... of the jurisdiction in which the debtor is located governs the perfection and the effect of perfection or non-perfection of the security interest." The Debtor's bankruptcy petition indicates that she has lived in New Hampshire since at least two years before the filing of her Chapter 7 petition on September 2, 1993. The assignment is dated October 27, 1992, which is within this two year period.